UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON E. J. RIDER, #123706,

    Petitioner,

                                    Civil No: 07-CV-11001
                                    Honorable Marianne O. Battani
                                    Magistrate Judge Charles E. Binder

v.

PERCY CONERLY,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner, Carlton E.J. Rider, is on parole and reporting to the Jackson County Parole Office. Petitioner was convicted after his guilty plea in two separate cases in Jackson County Circuit Court of the same offense, operating a vehicle while intoxicated, third offense, Mich. Comp. Laws §257.6256(D). He was sentenced as a fourth habitual offender pursuant to Mich. Comp. Laws §769.12 to concurrent terms of three and a half to fifteen years' imprisonment. On June 17, 2008, Petitioner was released on parole, with a supervision discharge date of July 12, 2010.[1]

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C.

---

[1] The fact that Petitioner is no longer incarcerated does not moot his claim for habeas relief because he has been released on parole; nor is this federal district court's subject matter jurisdiction defeated. 28 U.S.C §2254(b); *Spencer v. Kemna,* 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence of the conviction' - must exist if the suit is to be maintained in federal court and not considered moot.")

§2254. For the reasons that follow, the Court will deny the petition.

## I. BACKGROUND

On March 27, 2004, Petitioner drove while intoxicated and was stopped by the police in Jackson County. Petitioner's blood alcohol level was .31. Petitioner was arrested and charged for operating a vehicle while driving impaired. Approximately one week later on April 3, 2004, Petitioner was stopped again for drunk driving with a blood alcohol level of .29. Petitioner was arrested and charged. On June 11, 2004, Petitioner pled guilty to both drunk driving offenses. Petitioner was sentenced on July 7, 2004.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the following claim:

> "Two prior uncounseled misdemeanor charges used for enhancement proceedings, ineffective assistance of counsel, jurisdictional defects, improper charging from a misdemeanor to a felony charge."

The Michigan Court of Appeals denied relief. *People v. Rider,* No: 260336 (Mich. Ct. App. May 13, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim. On October 31, 2005, the Court denied Petitioner's application for leave to appeal, but remanded the matter back to the trial court in light of *Halbert v. Michigan,* 545 U.S. 605 (2005)[2]. The Court ruled as follows:

> On order of the Court, the application for leave to appeal the May 13, 2005 order of the Court of Appeals is considered and pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Jackson Circuit Court, which has already appointed appellate counsel by order of August 11, 2005, for further proceedings. Appointed counsel may file an application for leave to appeal with the Court of Appeals, and/or any

---

[2] *Halbert* held that Due Process and Equal Protection clauses require the appointment of counsel for indigent defendants convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals.

> appropriate postconviction motions in the trial court, within twelve months of the date of the Jackson Circuit Court's order appointing counsel. Counsel may include among the issues raised, but is not required to include, those issues raised by defendant in his application for leave to appeal to this Court. In all other respects, leave to appeal is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

*People v. Rider,* 474 Mich. 894; 705 NW2d 110 (2005).

On remand, Petitioner was appointed counsel. However, in April 2006, defense counsel requested to withdraw from the case, and the trial court granted the motion on April 11, 2006. Petitioner then filed a *pro se* motion with the trial court to vacate his sentence. The motion was denied on June 29, 2006. Petitioner next appealed the trial court's decision to the Michigan Court of Appeals through a *pro se* delayed application and raised the following claims:

> "I. Direct Appeal from the lower court due [to] their failure to answer or consider my motion to vacate my sentence after my court appointed attorney withdrew from the case.
>
> II. Two prior uncounseled misdemeanor charges used for enhancement proceedings, ineffective assistance of counsel, jurisdictional defects, improper charging from a misdemeanor to a felony charge. This was denied for failure to be in conformity with the rules."

The Michigan Court of Appeals dismissed Petitioner's delayed application for leave to appeal without prejudice because it was defective and not in compliance with the Michigan Court Rules, specifically, MCR 7.201(B)(3) and MCR 7.216(A)(10). *People v. Rider,* No: 272137 (Mich. Ct. App. Oct. 18, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court and relief was denied. *People v. Rider ,* 477 Mich. 981; 725 NW2d 342 (2007)( table).

Petitioner now files this *pro se* petition for a writ of habeas corpus asserting the

3

following paraphrased claims:

>   I. Improper use of Petitioner's prior operating under the influence of liquor (OUIL) convictions, at which time he was not represented by counsel during those proceedings, for the purpose of enhancing Petitioner's sentence in this matter.
>
>   II. Petitioner received ineffective assistance of counsel because while Petitioner's defense attorney was representing Petitioner's interests in the trial court, defense counsel was campaigning for a political office (i.e., district court judge).

## II. STANDARD

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523

4

(2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

### III. DISCUSSION

### C. Uncounseled Convictions & Sentencing Enhancement

Petitioner alleges that his right to due process was violated when the sentencing court relied on two prior misdemeanor OUIL convictions to count Petitioner's July 7, 2004 OUIL convictions as third offenses and categorize Petitioner as a fourth habitual offender under Mich. Comp. Laws §769.12. Petitioner claims that two of the prior misdemeanor OUIL convictions should not have counted toward his number of offenses because he was not represented by counsel in those cases. According to Petitioner's pre-sentence report and the Offender Tracking Information System (OTIS) Petitioner was convicted for OUIL offenses on October 14, 1994, December 18, 1996, and September 16, 1998.

The Supreme Court held in *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972), that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Even "a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." *Alabama v. Shelton*, 535 U.S. 654, 658 (2002) (quoting *Argersinger*, 407 U.S. at 40). An uncounseled misdemeanor conviction is valid if the offender was not sentenced to a term of imprisonment, *Scott v. Illinois*, 440

5

U.S. 367, 373-74 (1979), and if a conviction is valid under *Scott* because no prison term was imposed, it also is valid when used to enhance punishment at a subsequent conviction. *Nichols v. United States*, 511 U.S. 738, 749 (1994).

Petitioner carries "the burden of showing that his prior convictions were invalid for purposes of calculating his criminal history category." *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992). It is not fundamentally unfair to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction. *Raley*, 506 U.S. at 33-34. Constitutional rights may be waived. *Cordova v. Baca*, 346 F.3d 924, 926 (9th Cir. 2003). Courts must "'indulge every reasonable presumption against waiver' of fundamental constitutional rights," *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), and may not presume a waiver of federal rights from a silent record, *Boykin*, 395 U.S. at 243. However, a presumption of regularity "attaches to final judgments, even when the question is waiver of constitutional rights." *Raley*, 506 U.S. at 29.

Here, addressing the 1994 conviction first, although the pre-sentence report indicates that Petitioner had no attorney present, the Court does not know whether Petitioner waived his right to counsel in that matter. Where records of a conviction, which would indicate whether the defendant was represented by counsel or waived counsel, have been destroyed or for some other reason are not in the possession of the court for review, the defendant must submit some evidence; at a minimum, the defendant must submit an affidavit stating that he was denied the right to counsel and did not waive counsel. *See United States v. Warwick*, No. 04-6265, 149 Fed. Appx. 464, 469, 2005 WL 2293478, at \*\*4 (6th Cir. Sept. 20, 2005). Petitioner has failed to provide documentation or submit an affidavit in this regard.

Regarding the 1996 OUIL conviction, the plea transcript in that case clearly shows that Petitioner waived his right to counsel:

> The Court: All right. All right. Mr. Rider, the Court has struck the reference to second offense[3]. The charge of drunk driving is a misdemeanor carrying a maximum penalty of 90 days in the county jail and a $500 fine as well as a mandatory minimum $100 fine and does require the Court to order the Secretary of State to suspend or revoke your license to drive based on your master driving record, Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: To that charge, how do you wish to plead?
>
> The Defendant: Guilty.
>
> The Court: Do you understand that by pleading guilty you're giving up your right to a jury trial or trial before the Court without a jury?
>
> The Defendant. Yes, sir.
>
> The Court: You're giving up your right to be represented by an attorney and an attorney appointed to represent[ ] you at public expense if you're found to be an indigent person. Do you understand that?
>
> The Defendant: Yes. sir.
>
> The Court: You're giving up the following rights which you could exercise if you have a trial; first, your right to be presumed innocent until proven guilty by evidence presented by the prosecutor which would show your guilt beyond a reasonable doubt. Do you understand that? . . .

Tr. Plea, 12/18/96, pp. 3-4.

Finally, for Petitioner's 1998 OUIL conviction the pre-sentence report states that Petitioner was represented by counsel in those proceedings. Therefore, Petitioner has

---

[3] There appeared to be some confusion about whether this 1996 OUIL conviction was Petitioner's first or second conviction. The pre-sentence report clearly indicates that it was Petitioner's second OUIL conviction; and it is noted by the September 16, 1998 OUIL conviction in the pre-sentence report that that conviction was Petitioner's "3rd offense."

failed to show that two of his prior OUIL convictions were unconstitutional and improperly used at sentencing for purposes of calculating his criminal history.[4]  Accordingly, the trial court in this matter properly calculated the number of OUIL convictions for sentence enhancement purposes and habeas relief is denied.

### B.  Ineffective Assistance of Counsel

Petitioner argues that his attorney rendered ineffective assistance of counsel because: (1) he was pre-occupied with his political aspirations and his campaign obligations in his quest for a seat on the district court bench; and (2) defense counsel's campaign for election as a district court judge while representing Petitioner constituted a conflict of interest.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test.  In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was

---

[4] Petitioner alludes to the theory that the prosecutor engaged in misconduct by raising these prior misdemeanor convictions as a means of enhancing Petitioner's sentence.  Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances.  *Donnelly v. DeChristoforo,* 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell,* 181 F.3d 731, 736 (6th Cir. 1999) (stating that "[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation."), *abrogated on other grounds by Mackey v. Dutton,* 217 F.3d 399, 406 (6th Cir. 2000). Since the use of Petitioner's prior misdemeanor convictions is proper, the prosecutor did not engage in any misconduct when raised as an integral part of Petitioner's sentencing.

not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

Here, the extent of Petitioner's first argument is that defense counsel had political aspirations and he was pursuing them while providing legal representation for Petitioner. Petitioner does not identify how his attorney's representation was deficient, nor how he was prejudiced as a result of his deficient performance. Indeed, Petitioner's pre-sentence report lists a total of thirty various criminal convictions including, larceny, uttering and

9

publishing, embezzlement, sexual assault, assault and battery, disorderly conduct, driving violations retail fraud, etc. Despite that fact and the fact that Petitioner is a fourth time habitual offender, defense counsel was able to negotiate a plea agreement with 3 ½ years being the low end of the range. Petitioner served the minimum sentence (i.e., 3½ years), has been released from prison and is on parol for approximately four more months. Petitioner has failed to demonstrate how his trial attorney's legal representation was ineffective.

Petitioner has also failed to demonstrate how defense counsel's election campaign for district court judge created a conflict of interest. Petitioner has a Sixth Amendment right to conflict free representation by his counsel. See *Smith v. Anderson,* 689 F.2d 59, 62-63 (6th Cir. 1982); see also *Gillard v. Mitchell,* 445 F.3d 883 (6th Cir. 2006). Petitioner has not established that an actual conflict of interest exists in this case. "[A]n actual conflict of interest mean[s] precisely a conflict that affected counsel's performance as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor,* 535 U.S. 162, 171 (2002).

Only where there is dual representation involving the attorney does that presumption of prejudice standard apply. *Cuyler v. Sullivan,* 446 U.S. 335 (1980); *Smith v. Hofbauer,* 312 F.3d 809, 818 (6th Cir. 2002). Petitioner has failed to establish how defense counsel's efforts to become a district court judge conflict with his legal interests. Petitioner cannot demonstrate that counsel labored under an actual conflict of interest that adversely affected defense counsel's performance. *Mickens,* 535 U.S. at 171. Therefore, the Court does not find that Petitioner's assertion of the existence of a conflict of interest is a basis for his ineffective assistance of counsel claim.

### C. Certificate of Appealability & *In Forma Pauperis*

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[5] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The court thus declines to issue Petitioner a certificate of appealability.

Finally, the court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal of the court's decision would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the court will also deny leave to proceed on appeal *in forma pauperis.*

---

[5]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

## IV.  CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States.  Accordingly,

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

IT IS FURTHER ORDERED that any application for leave to appeal *in forma pauperis* is DENIED.

> s/Marianne O. Battani
> HONORABLE MARIANNE BATTANI
> UNITED STATES DISTRICT COURT

Dated: March 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 29, 2010, by electronic and/or ordinary mail.

> s/Bernadette M. Thebolt
> Bernadette Thebolt
> Case Manager and Deputy Clerk